Carrie **TRUESDALE**, as next friend of Kenneth E. Boone, minor, Appellant,

v.

**DISTRICT OF COLUMBIA** et al.

No. 24195.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 26, 1970.

Decided Nov. 9, 1970.

---

1. Appellant has also belatedly challenged in this court the constitutionality of 14 D.C.Code § 305. The issue is untimely;

and *see* Bailey v. United States, 138 U.S. App.D.C. 242, 426 F.2d 1236 (1970).

Mr. Clement Theodore Cooper, Washington, D. C., for appellant.

Mr. David P. Sutton, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Hubert B. Pair, Acting Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellees. Mr. Ted D. Kuemmerling, Asst. Corporation Counsel, also entered an appearance for appellees.

Before WRIGHT and McGOWAN, Circuit Judges, and JOHNSON,* Chief Judge, United States District Court for the Middle District of Alabama.

PER CURIAM.

Alleging the unconstitutionality of the District of Columbia Nonresident Public School Tuition Act,[1] appellant, the maternal grandmother and next friend of the minor Kenneth E. Boone, maintains that the District Court should have enjoined the enforcement of the Act, granted a judgment for $660 for tuition improperly exacted by the Board of Education, and granted $50,000 damages for expelling the child from school. The District Court granted summary judgment on all counts for the defendants.

 Since the child has now been graduated from public elementary and high schools in the District, the claim

---

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

1. 31 D.C.Code § 307(a) (1967) provides: "In the case of (1) each adult who attends a public school of the District of Columbia and does not reside in the District of Columbia, and (2) each child who attends such a public school and does not have a parent or guardian who resides in the District of Columbia, or is not an orphan, there shall be paid to the Board of Education the amount fixed by the Board of Education pursuant to subsection (b) of this section."

31 D.C.Code § 307(d) (1967) provides: "Notwithstanding the provisions of subsection (a) of this section, upon the submission of evidence satisfactory to the Board of Education that care, custody, and substantial support are supplied by the person or persons with whom a child is residing in the District of Columbia, and that the parent or guardian of such child is unable to supply such care, custody, and support, * * * such child shall be considered a resident of the District of Columbia for the purpose of school attendance and exempt from the requirement to pay tuition."

for injunction is moot. As to the monetary claims,[2] we believe that a full development of the facts of this case is required to make a judgment as to the constitutionality of the statute.[3] In this connection, the effect of the compulsory attendance provisions of 31 D.C.Code § 201 (1967) should be considered.

Under the circumstances, the appeal insofar as it relates to a claim for injunction is dismissed as moot. The balance of the District Court judgment is vacated and the case is remanded for a trial on the merits.

So ordered.

2. As to the $50,000 claim for damages, our remand does not bar disposition on sovereign immunity or Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed. 2d 1434 (1959), grounds.

3. A full evidentiary record may provide answers to such questions as: (1) Is the child a *bona fide* resident of the District? (2) Have his parents denied financial responsibility for his upkeep including school tuition? (3) Are his parents financially able to support him, including paying his school tuition? (4) Are the considerations supporting tuition requirements for nonresidents attending a state university and for nonresidents attending public elementary and high schools the same?