Rachel LAVIN, Individually, and on behalf of all persons similarly situated, Plaintiffs,

v.

CHICAGO BOARD OF EDUCATION et al., Defendants.

No. 74 C 319.

United States District Court, N. D. Illinois, E. D.

Jan. 14, 1977.

Lawrence Schlam, Juvenile Justice Project of the Youth Network Council of Chicago, Inc., Chicago, Ill., for plaintiffs.

Hackbert, Rooks, Pitts, Fullagar & Poust, Michael Murray, Robert Krajcir, Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FLAUM, District Judge:

Before the court are plaintiff's motion for class certification pursuant to rule 23, the Board of Education's motion to strike the class allegations of the complaint on grounds of mootness, and the federal defendants' motion to dismiss the federal claims for lack of standing. As this case focuses on the interrelatedness of the concepts of mootness, standing and class certification, the positions of the parties and the procedural context of this lawsuit must be examined.

In the 1973–74 academic year, the plaintiff, Rachel Lavin, was a senior at Mather High School in Chicago, Illinois. She attempted to qualify for the varsity interscholastic basketball team, however, certain regulations of the Illinois High School Association adopted by Mather High School barred plaintiff from participating in such interscholastic sports because of her sex. Plaintiff filed this action in February of 1974 on behalf of herself and all female students similarly situated seeking declaratory and injunctive relief plus nominal damages. Plaintiff's motion for a preliminary injunction was denied, summary judgment was entered for the defendants, and plaintiff appealed. The Court of Appeals for the Seventh Circuit held that summary judgment was improper, that the case was not moot as plaintiff's complaint sought money damages in addition to equitable relief, and the action was remanded to the district court. *Lavin v. Illinois High School Association*, 527 F.2d 58 (7th Cir. 1975). In May of 1976 the plaintiff filed a Third Amended Complaint which alleged claims against the federal defendants and included a prayer for declaratory and injunctive relief. Simultaneously, the plaintiff filed a motion to certify a class composed of all female high school students who have been, are now, and will be denied a full opportunity to participate in varsity, interscholastic, and intramural sports on the basis of sex. The gravamen of the plaintiff's claim set forth in the Third Amended Complaint is that the alleged discrimination in high school athlet-

ics is in violation of her fourteenth amendment right to equal protection and the provisions of Title IX of the Education Amendments of 1972 which prohibit sex discrimination in public schools. 42 U.S.C. § 1983; 20 U.S.C. § 1681. Plaintiff further challenges certain guidelines promulgated by the Department of Health, Education and Welfare pursuant to the Education Amendments as violative of Title IX and plaintiff's fourteenth amendment rights. 45 C.F.R. § 86.41(b) effective July 1975.

The protracted litigation history of this case has given rise to the issues now before the court, as plaintiff seeks class certification to obtain injunctive relief which is not available for her individual claim, the Board of Education defendants seek to strike these class allegations as moot, and the federal defendants seek dismissal of the challenge to the federal regulations which were adopted subsequent to plaintiff's graduation in 1974 for lack of standing. The critical issue, however, is the propriety of class certification. If class certification is proper, the allegations seeking injunctive relief cannot be stricken and the plaintiff has standing to challenge the federal defendants regulations which have allegedly injured members of the class. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). If class certification is not proper, the prayer for injunctive relief which is no longer available for the individual plaintiff must be stricken, and the federal defendants must be dismissed as the individual plaintiff lacks standing to challenge federal guidelines promulgated subsequent to her graduation which have not injured her in fact. *Pasadena City Board of Education v. Spangler,* 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976); *Indianapolis School Commissioners v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975).

▪ The nature of the claim raised by the plaintiff is suitable for either class or individual adjudication. *Compare Bucha v. Illinois High School Asso.,* 351 F.Supp. 69 (N.D.Ill.1972) *with Reed v. Nebraska High School Asso.,* 341 F.Supp. 258 (D.Neb.1972) and *Brendan v. Independent School Dist.*

742, 342 F.Supp. 1224 (D.Minn.1972) and *Haas v. South Bend Community School Corp.,* 259 Ind. 515, 289 N.E.2d 495 (1972). The plaintiff's allegation that the defendants have acted or refused to act on grounds generally applicable to the class and the request for injunctive and declaratory relief are indicative of the elements of a rule 23(b)(2) class action, and if plaintiff had sought class certification "as soon as practicable after the commencement of the action" such certification with plaintiff as the named representative may well have been appropriate. Fed.R.Civ.P. 23. *Bucha v. Illinois High School Asso., supra.* However, in the two years that have elapsed between the filing of the lawsuit and the filing of the motion to certify the class, the plaintiff has completed high school and her interest in the injunctive relief sought in this action has terminated. The plaintiff's action is not moot, as the prayer for nominal money damages gives vitality to the individual claim. *Compare Lavin v. Illinois High School Asso., supra, with Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. at 559 n.11 and *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 861 n.11, 43 L.Ed.2d 54 (1975). The plaintiff satisfies the Article III requirement of standing as she alleges injury in fact from the actions of the Board of Education defendants. *See, e. g., Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Thus the sole question before the court is whether this plaintiff who suffers no continuing injury and whose interest in the action is purely monetary, should properly be certified as the class representative in a rule 23(b)(2) class action seeking injunctive relief. [See the prayer for relief in plaintiff's Third Amended Complaint which seeks injunctive relief and $200 nominal damages.]

The purpose of rule 23(b)(2) is to permit adjudication of class interests which are affected in substantially the same manner by the defendants course of conduct. Thus rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby *making appropriate final injunctive relief or corresponding declaratory relief*

*with respect to the class as a whole."* (emphasis added.) Fed.R.Civ.P. 23(b)(2). The plaintiff's proposed class of female students who have been, are now, and will be denied equal access to high school sports activity does not fall within the ambit of this section. The "have been" sub-class, of which plaintiff Lavin is a member, consists of those female students who have completed high school but were allegedly denied athletic opportunities while in high school. This sub-class has no interest in the injunctive relief which is the basis of a rule 23(b)(2) action. The members of the "have been" sub-class may have individual claims for damages, but their graduation from high school has rendered the injunctive relief sought in the Third Amended Complaint meaningless. *Compare* Fed.R.Civ.P. 23(b)(2) with Fed.R.Civ.P. 23(b)(3). Similarly, as to the members of the proposed "will be" sub-class, the Supreme Court has indicated that in the absence of allegations or evidence that "any action with respect to such persons [has been taken] that is tantamount to a denial" of civil rights, class adjudication is improper. *Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 1887, 48 L.Ed.2d 478 n.3 (1976). The real class interest alleged in plaintiff's Third Amended Complaint is the interest of the class of those who "are now" being denied athletic opportunity, as injunctive relief is appropriate with respect to that class as a whole. While the individual named plaintiff seeks declaratory judgment as a necessary preface to the recovery of money damages, the plaintiff has not sought certification of the class for purposes of declaratory judgment only. *See Wright and Miller, Federal Practice and Procedure* § 1775 & 1776 (1972). In view of the ongoing conduct of the defendants and the alleged continuing injury to the "are now" class, such relief would not redress the alleged discrimination in the most expeditious fashion.

■ Thus the court is persuaded that the plaintiff Lavin is not a member of the class she seeks to represent under rule 23(b)(2), and the lack of coextensive class and individual interests presents a potential conflict as to typicality of claims and adequacy of representation. Fed.R.Civ.P. 23(a). *See, e. g., Thompson v. FTI Co., Inc.,* 64 F.R.D. 140 (N.D.Ill.1974). This determination does not imply that the named plaintiff's interest in money damages compromises the interests of the class. Rule 23 appoints the court as the guardian of the class interests, and satisfaction of the individual plaintiff's claim would not prejudice the class rights. However, rule 23 makes it clear that the court cannot be the sole guardian of the class interests. *Flamm v. Eberstadt,* 72 F.R.D. 187 (N.D.Ill.1976). Rule 23 requires an active, interested, participating, named representative whose interests are coextensive with the class interests to protect the class rights. In the context of this lawsuit, the plaintiff Lavin is not such a representative. *See Ritacco v. Norwin School Dist.,* 361 F.Supp. 930 (W.D.Pa.1973). Unlike typical civil rights class action representatives, the plaintiff has no continuing injury thus no real interest in injunctive relief. Her status may be distinguished from challengers to employment practices, welfare benefits, housing regulations, or voting provisions all of whom stand to benefit from injunctive relief by reinstatement or requisition of interest. *See e. g., Jenkins v. Blue Cross Mutual Hosp. Ins. Co.,* 522 F.2d 1235 (7th Cir. 1975); *Frost v. Weinberger,* 515 F.2d 57 (2d Cir. 1975); *Bradley v. Housing Authority of Kansas City,* 512 F.2d 626 (8th Cir. 1975); *Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972).

While the class mechanism outlined in rule 23(b)(2) may frequently be regarded as an effective litigation instrument, the expansive collateral effects of a class action judgment make it a double edged sword. The res judicata ramifications of rule 23 bind class members equally to the adverse as to the favorable adjudication of the plaintiff's claim. It is thus incumbent upon the court to cautiously examine the nature of the remedy requested and the scope of the proposed class to assure proper alignment of interests. In the instant action the equitable relief requested by the plaintiff mandates a named plaintiff with a current interest in such injunctive relief. Were a class to be certified in this action the inter-

ests of every female high school student in the city of Chicago would be affected more directly and significantly than the rights of Ms. Lavin who seeks to represent them. Before binding each of these students to an adjudication of their rights, it is not unreasonable to require one such student with a present interest in injunctive relief to participate in the action.

■ The plaintiff's motion for class certification is therefore DENIED as her interests are not coextensive with the class she seeks to represent. The Board of Education's motion to strike the class allegations of the Third Amended Complaint is GRANTED, and the federal defendant's motion to dismiss is GRANTED as the plaintiff lacks standing to challenge regulations promulgated after her graduation from high school which have not injured her in fact.