**Emmile C. GIBSON, Jr., Plaintiff,**

v.

**Jim DuPREE, Wayne Hartsfield, John B. Clark, Robert L. Newton, Dr. Ellis Gardner, T. C. Cogbill, Jr., Mrs. James W. Chesnutt, Harry A. Haimes and Walter Turnbow, individually and in their official capacities as members of the Arkansas State Board of Education; and Dr. Arch W. Ford, Luther Hardin and J. C. Rupper, individually and in their official capacities as administrator in the Arkansas Department of Education, Defendants.**

**No. LR–C–77–196.**

United States District Court,
E. D. Arkansas, W. D.

Nov. 13, 1980.

John W. Walker, Little Rock, Ark., for plaintiff.

Nelwyn L. Davis, Asst. Atty. Gen., Little Rock, Ark., for defendants.

## ORDER

HENRY WOODS, District Judge.

Plaintiff, a black student at the Cotton Boll Vocational–Technical School operated by the State of Arkansas, brought suit under 42 U.S.C. § 2000a et seq. and 42 U.S.C. § 1983 for a declaratory judgment as to his rights and the rights of the class he represents. The defendants are the State Board of Education and the chief administrators of the Arkansas Department of Education, the Vocational Division, and the Vocational–Technical Schools. Plaintiff, attending the school under a veteran's educational benefits program, alleged that he was dismissed because he purportedly violated the school's attendance policy. He claimed that this policy has resulted in attendance rules which are subjective and discriminatory and have been implemented in an unfair and racially biased manner, denying the plaintiff and his class both legal protection and due process.

After the filing of the complaint on July 6, 1977, the defendants filed a motion to dismiss on July 29, 1977. They contended that the attendance policy, adopted by majority vote of the directors of the vocational schools, was required by 38 U.S.C. § 1776 and that failure to implement such a policy would result in the school's losing its accreditation. Defendants claimed that upon enrollment plaintiff was furnished with written information concerning attendance policy and student grievance procedure. Defendants further alleged that plaintiff was absent 17 days between January 24, 1977 and March 28, 1977, that he was dropped on February 23, 1977 but reenrolled on March 4, 1977 as the result of a letter from his dentist, that subsequent thereto he was absent March 14–18, March 23–25, March 29–April 1 and on April 4. Defendants claim that when plaintiff was dismissed on April 5th he was advised of his right to invoke the grievance procedure with an ultimate hearing before the State Board of Education and has failed to do so.

No further action was taken on the class certification allegation in the complaint, and on January 18, 1980 Judge Eisele directed counsel for plaintiff to file a motion to certify class within 60 days. No such motion was filed, and the case was removed from the class action docket on April 7, 1980. On March 17, 1980, inasmuch as no response had been made to the motion to dismiss for almost three years, plaintiff was given twenty days to respond to the motion to dismiss on pain of dismissal of his complaint. A response was filed on March 26, 1980. On July 11, 1980 the motion to dismiss was overruled and defendants were ordered to answer by August 1, 1980. The answer, filed July 31, 1980, consisted mainly of a denial of the allegations in the complaint. On September 19, 1980 the plaintiff filed the following responses to requests for admission propounded by the defendants:

1.  That the Plaintiff enrolled in the Sheet Metal Department of Cotton Boll Vo–Tech on January 30, 1979.

    ANSWER: Yes.

2.  That the Plaintiff graduated on January 18, 1980.

    ANSWER: Yes.

3.  That the Plaintiff completed the course of Sheet Metal.

    ANSWER: Yes.

4.  That the Plaintiff received a diploma from Cotton Boll Vo–Tech, a true copy of which is attached hereto and marked as Exhibit "A".

    ANSWER: Yes.

In the pre–trial statement required by Local Rule 21 counsel for plaintiff stated that the case was not being pursued as a class action. On the bases of the responses to the requests for admissions, defendants

on October 14, 1980 moved to dismiss on jurisdictional grounds, i. e., that under Article III of the United States Constitution no "case or controversy" exists at this time. The defendants have briefed this issue extensively and although the plaintiff chose not to respond to this motion, the court has reviewed the record in this case in the light most favorable to the plaintiff as it must do in ruling on a motion to dismiss. Every reasonable inference in favor of retaining jurisdiction has been given the plaintiff. However we agree with defendant's position. The case of *Board of School Commissioners of The City of Indianapolis v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) is directly in point. Plaintiffs, who were high school students, claimed that defendants had interfered with their First and Fourteenth Amendment rights with respect to the publication of a student newspaper. When the case reached the Supreme Court, the plaintiffs had graduated from high school. The Supreme Court dismissed the complaint. "The case is therefore moot unless it was duly certified as a class action pursuant to Fed.Rule Civ.Proc. 23, a controversy still exists between petitioners and the present members of the class, and the issue in controversy is such that it is capable of repetition yet evading review. *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Because in our view there was inadequate compliance with the requirements of Rule 23(c), we have concluded that the case has become moot." *Id.* 420 U.S. at 129, 95 S.Ct. at 849. See also *DeFunis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) for another such holding on similar facts. In a recent decision, *Ward v. Arkansas State Police*, 493 F.Supp. 1315 (E.D.Ark.1980) we reviewed at length decisions of the Supreme Court and this Circuit involving the issue of mootness. These decisions are in accord with defendants' position.

The motion to dismiss for lack of jurisdiction is hereby granted.