**Melanie ZENTGRAF, Individually and On Behalf of All Others Similarly Situated, Plaintiffs,**

v.

**TEXAS A & M UNIVERSITY et al., Defendants.**

**Civ. A. No. H–79–943.**

United States District Court,
S. D. Texas,
Houston Division.

March 2, 1981.

Nelkin & Nelkin, Carol Nelkin, Houston, Tex., and Craig M. Crenshaw, Jr., Washington, D. C., for plaintiffs.

Lonny F. Zwiener and Barbara C. Marquardt, Austin, Tex., for defendants.

MEMORANDUM AND ORDER:

STERLING, District Judge.

Pending before the Court are Defendants' motion to dismiss, supplemental motion to dismiss on grounds of abstention, motion for partial summary judgment, motion for summary judgment, motion to disqualify counsel for Intervenor, and motion for protective order.

The Court will first address Defendants' supplemental motion to dismiss. The motion seeks dismissal of this action on grounds of abstention as established in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). There are two prerequisites for invoking the *Pullman* doctrine:

> "(1) There must be an unsettled issue of state law; and (2) there must be a possibility that the state law determination will moot or present in a different posture, the federal constitutional questions raised." [*Palmer v. Jackson*, 617 F.2d 424, 428 (5th Cir. 1980)].

Application of the abstention doctrine is justified only in exceptional circumstances "where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959). Where abstention is proper it may not completely avoid the necessity for federal constitutional adjudication, but it may materially alter the nature of the problem. *Harrison v. NAACP*, 360 U.S. 167, 177, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 (1959); *Palmer v. Jackson, supra,* at 431.

Here Plaintiff and Plaintiff-Intervenor are asserting the illegality of the conduct of the state and its officials. They are not challenging the validity of the constitution, laws, or regulations of Texas. If an injunction was the only relief sought, "abstention would serve the same countervailing interest as in the case of a challenge to the validity of a state statute." *Marshall v. Sawyer,* 301 F.2d 639, 646 (9th Cir. 1962). A state court might determine, without reaching the federal constitutional question, that the conduct complained of was illegal under state law and should therefore be enjoined. *Id.* However, in this case Plaintiff seeks damages under 42 U.S.C. § 1983 against the individual Defendants as well as injunctive relief. Where, as here, damages are sought, the meaning or validity of a state's constitution, laws or regulations is immaterial to the determination of whether Defendants' conduct has deprived Plaintiff of a constitutionally protected right. It is thus clear that abstention would not result in mooting the federal constitutional questions concerning the conduct of the individual Defendants. Further, a state court decision concerning the authority of the Defendants to engage in such conduct would not be of any assistance to this Court in resolving the constitutional question. Consequently, abstention in this case would serve no important countervailing interest. *Marshall v. Sawyer, supra,* at 646; *see, Public Utilities Commission of Ohio v. United Fuel Gas Co.,* 317 U.S. 456, 463, 63 S.Ct. 369, 373, 87 L.Ed. 396 (1943).

Defendants' motion to dismiss asserts that Plaintiff's graduation on May 2, 1980, from Texas A & M University and its Corps of Cadets, before the certification of this suit as a class action, moots her claims under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §§ 1983, 1988 and 20 U.S.C. § 1681.

Pursuant to the Court's Memorandum and Order of June 2, 1980, Plaintiff's claim for monetary relief under 42 U.S.C. § 1983 against Texas A & M University and the individual Defendants in their official capacities was dismissed. *Zentgraf v. Texas A & M University,* 492 F.Supp. 265, 272 (S.D.Tex.1980). Moreover, the Court dismissed Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986. *Id.* at 272–73.

186

■ The presence of the United States in this case under the authority of section 902 of the Civil Rights Act of 1964, 42 U.S.C. § 2000h–2, ensures that this case is not mooted by Miss Zentgraf's graduation. *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 430, 96 S.Ct. 2697, 2702, 49 L.Ed.2d 599 (1976). Further, it is clear that Plaintiff's claim for personal liability against the individual Defendants under 42 U.S.C. § 1983 has not been mooted by her graduation. *Sapp v. Renfroe*, 511 F.2d 172, 176 (5th Cir. 1975). It is undisputed that Plaintiff's individual claim under 20 U.S.C. § 1681 and her individual claim for injunctive relief under 42 U.S.C. § 1983 have been mooted by her graduation, e. g. *Pasadena City Board of Education v. Spangler, supra,* 427 U.S. at 430, 96 S.Ct. at 2702; *Board of School Commissioners of Indianapolis v. Jacobs,* 420 U.S. 128, 129, 95 S.Ct. 848, 849, 43 L.Ed.2d 74 (1975).

Movants urge the proposition that where the named plaintiff graduates prior to proper certification and identification of the class the case becomes moot as to the named Plaintiff and any alleged class of unnamed individuals. *Id.* However, the Supreme Court in the recent case of *United States Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), has clearly emphasized "the flexible character of the Art. III mootness doctrine." 445 U.S. at 400, 100 S.Ct. at 1210. Concerning the line of case authority relied on by Defendants, the Court stated:

"Three of the Court's cases might be described as adopting a less flexible approach. In *Indianapolis School Comm'rs v. Jacobs,* 420 U.S. 128 [95 S.Ct. 848, 43 L.Ed.2d 74] . . . (1975); and in *Weinstein v. Bradford,* 423 U.S. 147 [96 S.Ct. 347, 46 L.Ed.2d 350] . . . (1975), dismissal of the putative class suits, as moot, was ordered after the named plaintiffs' claims became moot. And in *Pasadena City Bd. of Education v. Spangler,* 427 U.S. 424, 430 [96 S.Ct. 2697, 2702, 49 L.Ed.2d 599] . . . (1976), it was indicated that the action would have been moot on expiration of the named plaintiffs' claims had not the United States intervened as a party

plaintiff. Each of these, however, was an attempt to appeal the merits without first having obtained proper certification of a class. In each case it was the defendant who petitioned this Court for review. As is observed subsequently in the text, appeal from denial of class certification is permitted in some circumstances where appeal on the merits is not. In the situation where the proposed class representative has lost a 'personal stake' the merits cannot be reached until a class properly is certified." [445 U.S. at 400 n. 7, 100 S.Ct. at 1210 n.7].

■ In *Geraghty*, the Court held that the expiration of the named plaintiff's substantive claim did not render the action moot, even though class certification had been denied. 445 U.S. at 404, 100 S.Ct. at 1212. The proposed representative in *Geraghty* retained a sufficient "personal stake" in obtaining class certification to assure that Art. III values were not undermined. Here Plaintiff seeks damages for injury resulting from the allegedly illegal conduct of the individual Defendants, and this injury satisfies the formalistic "personal stake" requirement. 445 U.S. at 403–04 n.11, 100 S.Ct. at 1212 n.11; *see, e. g. Powell v. McCormack,* 395 U.S. 486, 495–500, 89 S.Ct. 1944, 1950–1953, 23 L.Ed.2d 491 (1969). This determination does not necessarily establish that Plaintiff is able fairly and adequately to protect the interests of the class pursuant to Fed.R.Civ.P. 23(a). The Court holds only that Plaintiff is a proper representative for the purpose of seeking certification of the class. 445 U.S. at 407, 100 S.Ct. at 1214. Accordingly, the Court will dismiss as moot Plaintiff's individual claim under 20 U.S.C. § 1681 and her individual claim for injunctive relief under 42 U.S.C. § 1983. However, the Court will not dismiss as moot Plaintiff's claim for personal liability against the individual Defendants under 42 U.S.C. § 1983 or Plaintiff's claim for attorney's fees under 42 U.S.C. § 1988. Further, the Court is of the opinion that the class suit has not been mooted by Plaintiff's graduation and therefore it can not be dismissed.

In its Memorandum and Order of June 2, 1980, the Court interpreted Defendants' motion to dismiss Plaintiff and Plaintiff-Intervenor's claims under 20 U.S.C. § 1681 as a motion for partial summary judgment. Consequently, the Court granted all parties a period of 45 days to submit "all material made pertinent to such motion by Rule 56." *Zentgraf v. Texas A & M University, supra,* at 269. Defendants' motion to dismiss asserted that they were not subject to the provisions of 20 U.S.C. § 1681, because the statute exempts any educational institution which has the primary purpose of training individuals for the military services of the United States. 20 U.S.C. § 1681(a)(4). It is Defendants' contention that the Corps of Cadets of Texas A & M University qualifies for this exemption.

On August 29, 1980, Defendants filed an additional motion for summary judgment seeking dismissal of all of Plaintiff and Plaintiff-Intervenor's claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* and the Fourteenth Amendment of the United States Constitution. The motion in Parts I–IV reasserts Defendants' contention that the Corps of Cadets of Texas A & M University is exempt from the coverage of Title IX. However, in Part V of their motion, Defendants urge additional grounds for granting summary judgment on the merits of Plaintiff's and Plaintiff-Intervenor's claims under Title IX and the Fourteenth Amendment. Additionally, Part VI of Defendants' motion challenges the standing of the United States Department of Justice to assert its claims under 20 U.S.C. § 1681 *et seq.*

Pursuant to Rule 56(f) Plaintiff-Intervenor seeks sufficient time to conduct and complete discovery on the issues of material fact raised by Part V of Defendants' motion for summary judgment. Plaintiff-Intervenor's Rule 56(f) affidavit does not seek additional discovery concerning Part VI of Defendants' motion. Moreover, the Court is of the opinion that Part VI of Defendants' motion raises a legal issue and not a factual issue which further discovery might develop. Consequently, the Court will address Part VI of the motion.

█ Intervention by the Attorney General under the authority of section 902 of the Civil Rights Act of 1964, 42 U.S.C. § 2000h–2, is limited to those actions commenced in the courts of the United States seeking relief from denial of equal protection of the laws under the Fourteenth Amendment on account of race, color, religion, sex or national origin. It is clear that the Department of Justice is authorized under 42 U.S.C. § 2000h–2 to intervene with regard to Plaintiff's claims under the Fourteenth Amendment and 42 U.S.C. § 1983. However, the Court is of the opinion that Plaintiff-Intervenor lacks authority to intervene and pursue a claim under 20 U.S.C. § 1681 *et seq.*

Whereas the Supreme Court's ruling in *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), established that there is a private right of action under Title IX, it did not alter the public remedy available under that title. The statutory remedy provided by 20 U.S.C. § 1682 is the termination of federal financial support for institutions engaged in discriminatory practices. The Court is of the opinion that "where a statute creates a right and provides a special remedy, that remedy is exclusive." *United States v. Babcock,* 250 U.S. 328, 331, 39 S.Ct. 464, 465, 63 L.Ed. 1011 (1919). Further, the Court is persuaded that 42 U.S.C. § 2000h–2 does not authorize Plaintiff-Intervenor to pursue a claim under Title IX. Consequently, the Court will grant Defendants' motion and dismiss Plaintiff-Intervenor's claim under 20 U.S.C. § 1681. Additionally, the Court, having considered Plaintiff-Intervenor's affidavit under Rule 56(f) is of the opinion that it states sufficient reason to defer further consideration of Defendants' motion for summary judgment as it pertains to Plaintiff and Plaintiff-Intervenor's claim under the Fourteenth Amendment.

█ Finally, with regard to the claim of the alleged class of unnamed individuals under 20 U.S.C. § 1681, the Court is of the opinion that there is a genuine issue of material fact as to whether the Corps of

Cadets of Texas A & M University qualifies for the exemption under 20 U.S.C. § 1681(a)(4). *See, e. g., Hayden v. First National Bank of Mount Pleasant*, 595 F.2d 994, 997 (5th Cir. 1979). Accordingly, the Court will deny Defendants' motions for partial summary judgment and summary judgment on the putative class claim under 20 U.S.C. § 1681. Moreover, the Court is persuaded that an evidentiary hearing should be held on Plaintiff's motion to certify this cause as a class action. It is, therefore,

ORDERED that Defendants' supplemental motion to dismiss on grounds of abstention is DENIED and Defendants' motion to dismiss on grounds of mootness is GRANTED in part and DENIED in part and Plaintiff's individual claim under 20 U.S.C. § 1681 and her individual claim for injunctive relief under 42 U.S.C. § 1983 are hereby dismissed and in all other respects the motion is denied. It is ORDERED that Defendants' motion for partial summary judgment is DENIED. Further, it is ORDERED that Defendants' motion for summary judgment is GRANTED in part, DENIED in part and DEFERRED in part. Accordingly, pursuant to Part VI of the motion Plaintiff-Intervenor's claim under 20 U.S.C. § 1681 *et seq.* is hereby dismissed, the motion is denied as to Parts I–IV and consideration of Part V of the motion as it pertains to Plaintiff and Plaintiff-Intervenor claims under the Fourteenth Amendment will be deferred until discovery is completed. Defendants' motions to disqualify counsel for Intervenor and for protective order are DENIED. An evidentiary hearing to determine the propriety of class certification of this cause will be set at a future date.