664 F.2d 175
 1 Ed. Law Rep. 527
 Emmile C. GIBSON, Jr., Appellant,
v.
Jim DuPREE; Wayne Hartsfield; John B. Clark; Robert L.
Newton; Dr. Ellis Gardner; T. C. Cogbill, Jr.; Mrs. James W.
Chesnutt; Harry A. Haimes and Walter Turnbow, individually
and in their official capacities as members of the Arkansas
State Board of Education; and Dr. Arch W. Ford; Luther
Hardin and J. C. Ruppert, individually and in their official
capacities as administrators in the Arkansas Department of
Education, Appellees.
 No. 80-2207.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 13, 1981.
Decided Nov. 4, 1981.
 
 John W. Walker, P.A., Little Rock, Ark., for plaintiff-appellant.
 Atty. Gen. Steve Clark by Asst. Atty. Gen. Nelwyn Davis, Little Rock, Ark., for defendants-appellees.
 Before HENLEY and ARNOLD, Circuit Judges, and BECKER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Emmile C. Gibson, Jr. appeals from the dismissal by the district court of his suit, brought pursuant to 42 U.S.C. §§ 1983, 2000c et seq. Appellant, a black man, enrolled at Cotton Boll Vocational Technical School in January of 1977, and as a veteran received education benefits from the Veterans' Administration. In April of 1977 appellant was expelled for nonattendance and as a result his V.A. benefits ceased. He then filed this suit alleging that the attendance policy was applied in a racially biased manner. He sought declaratory and injunctive relief, and the recovery of "any pay losses" and "lost veterans' benefits."
 
 
 2
 In the course of discovery appellant admitted, in response to the appellees' request for admissions, that he had re-enrolled at the school on January 30, 1979 and had graduated on January 18, 1980. Under these admissions, appellees moved to dismiss the case as moot. The district court agreed and dismissed relying on Board of School Commissioners v. Jacobs, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); and Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Appellant moved for reconsideration arguing that although his re-enrollment and graduation mooted his requests for declaratory and injunctive relief, his requests for "pay losses" and "lost veterans' benefits" supplied the constitutional requirement of a case or controversy. The district court denied the motion for reconsideration and appellant appeals. We agree with appellant and therefore reverse, 501 F.Supp. 259.
 
 
 3
 Jacobs and Sosna, upon which the district court relied, provide the standard for determining the survivability of a class action when the claims of the named plaintiffs have become moot. However, they do not provide the standard for determining whether the claims of the named plaintiffs have become moot. Appellant brought this suit originally as a class action, but it was never certified and thus proceeded as an individual action.
 
 
 4
 In individual actions "(w)here one of several issues presented becomes moot, the remaining issues supply the constitutional requirement of a case or controversy." Powell v. McCormack, 395 U.S. 486, 497, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). In Powell the Court held that Congressman Powell's claim for back salary was a remaining "live issue" after his declaratory and injunctive relief were mooted by his seating in Congress. While the record here reveals that appellant re-enrolled and graduated, it is completely silent as to whether he was made whole for any lost pay or veterans' benefits. Thus in appellant's case interim relief or events may not have completely and irrevocably eradicated the effects of the alleged discrimination. County of Los Angeles v. Davis, 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979); Ward v. Arkansas State Police, 653 F.2d 346, 350 (8th Cir. 1981). Appellant's claims guaranteed that the district court would not be giving an advisory opinion on whether the attendance policy was applied in a discriminatory manner, but would be deciding whether appellant is entitled to recover for pay or veterans' benefits lost as a result of discrimination.
 
 
 5
 Appellant's pleading of his claims for lost pay and veterans' benefits was sufficiently clear to distinguish his situation from that in Alejandrino v. Quezon, 271 U.S. 528, 46 S.Ct. 600, 70 L.Ed. 1071 (1926). In Powell the Supreme Court held that, "Alejandrino stands only for the proposition that, where one claim has become moot and the pleadings are insufficient to determine whether the plaintiff is entitled to another remedy, the action should be dismissed as moot." Powell v. McCormack, supra, 395 U.S. at 499, 89 S.Ct. at 1952. Indeed, damage claims are seldom moot, 13 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 3533 at 272-73 (1975). A viable claim for damages insures the existence of a live controversy appropriate for judicial resolution-at least to the extent of determining whether a claim is stated and a damage remedy is available. Chase v. McMasters, 573 F.2d 1011 (8th Cir. 1978).
 
 
 6
 Thus, it follows that appellees are mistaken in urging that appellant's claim is moot because (1) he failed to join the Veterans' Administration as a party or to exhaust administrative remedies; (2) appellant suffered no loss as he had no "legally cognizable interest in recovering lost veterans' benefits"; and (3) the appellees are immune from damages by virtue of the eleventh amendment.
 
 
 7
 Appellees' reliance on Ashcroft v. Mattis, 431 U.S. 171, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977), is also misplaced as there has been no adverse determination on the merits of appellant's claims for lost pay and veterans' benefits coupled with a failure to appeal that determination. We refuse to declare appellant's case moot in anticipation that his claim for damages will be held to be without merit. Although appellant may have difficulty in sustaining his claim, he is entitled to that opportunity.
 
 
 8
 The judgment of dismissal is reversed.
 
 
 
 *
 The Honorable William H. Becker, United States Senior District Judge, Western District of Missouri, sitting by designation