596 F.Supp. 1422 (1984)
Cathy KUHLMEIER, Leslie Smart, Leanne Tippett
v.
HAZELWOOD SCHOOL DISTRICT, Charles Sweeney, Joseph Donahue, Gwen Gerhardt, August Busch, Jr., Ann Gibbons, James Arnac, Dr. Thomas Lawson, Robert E. Reynolds, Howard Emerson, and Dr. Francis Huss.
No. 83-2039C(1).
United States District Court, E.D. Missouri, E.D.
November 2, 1984.
*1423 Leslie D. Edwards, B. Stephen Miller, III, American Civil Liberties Union, St. Louis, Mo., for plaintiffs.
Robert P. Baine, Jr., Susan E. Kaiser, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendants' motion for summary judgment. Defendants argue that, because plaintiffs received a grade for their "Journalism II" class and because they graduated from Hazelwood East High School subsequent to filing their complaint in this action, plaintiffs' claims for relief are now moot.
This case arises out of defendants' refusal to publish certain articles in the May 13, 1983, issue of Spectrum, the student newspaper published by Hazelwood East High School. The facts and allegations underlying this action were summarized in this Court's prior Order and Memorandum and need not be repeated herein. See Kuhlmeier v. Hazelwood School District, 578 F.Supp. 1286 (E.D.Mo.1984). Defendants contend, by way of a motion for summary judgment, that plaintiffs' claims for relief are moot in view of the fact that all three (3) plaintiffs have now graduated from Hazelwood East High School.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846. However, under Rule 56(e), a party *1424 opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, § 2739 (1983).
The mootness doctrine is derived from the requirement in Article III of the United States Constitution that the federal judicial power be exercised only in "cases or controversies." U.S. Const., Art. III. The requirement of a case or controversy serves "two complementary" purposes. Flast v. Cohen, 392 U.S. 83, 95, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947 (1968). These purposes are, as follows:
It limits the business of federal courts to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process," and it defines the "role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government."
United States Parole Commission v. Geraghty, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980), quoting Flast v. Cohen, 392 U.S. 83, 95, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947 (1968). A case is moot "when the issues presented are no longer `live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969); Carson v. Pierce, 719 F.2d 931, 933 (8th Cir.1983).
Defendants argue that plaintiffs' claims for relief are moot because each of the plaintiffs has now graduated from Hazelwood East High School and each received the highest grade possible for their work in "Journalism II." Plaintiffs seek three (3) types of relief. First, plaintiffs seek a declaration by this Court that the alleged conduct of defendants violated plaintiffs' rights under the first and fourteenth amendments to the U.S. Constitution. Second, plaintiffs pray for an injunction: 1) ordering defendants to print the articles in question; 2) enjoining defendants from engaging in their allegedly unlawful conduct; 3) requiring defendants to implement a plan and submit regulations that constitutionally govern the publication of student articles in Spectrum; and 4) preventing defendants from taking reprisals against plaintiffs with respect to this action. Finally, each plaintiff seeks compensatory damages of $5,000.00 and punitive damages of $25,000.00.

I. INJUNCTIVE RELIEF
In the opinion of this Court, plaintiffs' graduation rendered their claims for injunctive relief moot. In Indianapolis School Commissioners v. Jacobs, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975), several high school students brought an action challenging school regulations that governed the distribution of a student newspaper. Although each of the named plaintiffs had graduated from the high school by the time the case came to trial, the District Court ruled on the merits and held that the regulations were unconstitutional. On appeal to the Supreme Court certiorari was granted and the Court, in a per curiam opinion, vacated the District Court's judgment and ordered that the complaint be dismissed on the ground of mootness. The Court explained its holding, as follows:
At oral argument, we were informed by counsel for petitioners that all of the named plaintiffs in the action had graduated from the Indianapolis school system; in these circumstances, it seems clear that a case or controversy no longer exists between the named plaintiffs and the petitioners with respect to the validity of the rules at issue. The case is therefore moot....
Id. at 129, 95 S.Ct. at 849 (emphasis added). See also Pasadena City Board of Education v. Spangler, 427 U.S. 424, 430, 96 S.Ct. 2697, 2702, 49 L.Ed.2d 599 (1976) (desegregation case moot as to named plaintiffs who had graduated from the school system), on remand, 549 F.2d 733 (9th *1425 Cir.1977). Other courts, in the context of a student's civil rights action for injunctive relief against a school, have held that such a claim becomes moot on the student's graduation from the school. See, e.g., Gibson v. DuPree, 664 F.2d 175, 176 (8th Cir. 1981) (student's claim for injunctive relief against school's attendance policy mooted by student's graduation); Williams v. Spencer, 622 F.2d 1200, 1204 (4th Cir.1980) (claims for injunctive relief with respect to school's seizure and restraint of student newspaper mooted by students' graduation); Zeller v. Donegal School District Board of Education, 517 F.2d 600, 601 n. 1 (3d Cir. en banc 1975) (student's claim for injunctive relief against school's hair length requirement mooted by student's graduation); Hollon v. Mathis Independent School District, 491 F.2d 92, 93 (5th Cir.1974) (students' claim for injunctive relief against school rule banning married students from extracurricular activities mooted by their graduation); Truesdale v. District of Columbia, 436 F.2d 288, 290 (D.C.Cir.1970) (student's claim for injunctive relief against local education statute mooted by his graduation); Zentgraf v. Texas A&M University, 509 F.Supp. 183, 186 (S.D.Tex.1981) (college students' claim for injunctive relief mooted by graduation). Thus, the weight of authority supports a finding that plaintiffs' claims for injunctive relief are moot.
Plaintiffs press several arguments on this Court in support of their position that their claims for injunctive relief were not mooted by their graduation. First, plaintiffs argue that their claims fall within the exception to the mootness doctrine for claims which are "capable of repetition, yet evading review ...." Southern Pacific Terminal v. Interstate Commerce Commission, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). In Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975), the Court identified two (2) requirements that must be met for the Southern Pacific exception to apply:
(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.

Id. at 149, 96 S.Ct. at 348 (emphasis added). See also Illinois State Board of Elections v. Socialist Workers Party, 440 U.S. 173, 187, 99 S.Ct. 983, 990, 59 L.Ed.2d 230 (1979); First National Bank v. Bellotti, 435 U.S. 765, 774, 98 S.Ct. 1407, 1414, 55 L.Ed.2d 707 (1978). Assuming, without deciding, that the first requirement is met here, it is clear that the second requirement is not met. The "complaining part[ies]" in the case at bar are the three (3) named plaintiffs. Plaintiffs allege that Spectrum is published "as an adjunct to the school's journalism curriculum." First Amended Complaint, Count I at ¶ 7. Because plaintiffs have graduated, it is not possible that they will "be subjected to the same action again." Plaintiffs argue that the father of plaintiff Smart has a son who may attend Hazelwood East High School and "be subjected to the same action again." However, Mr. Smart's son is not a party herein and Mr. Smart is suing only as a next friend. As a next friend, Mr. Smart is only a nominal part and his daughter is the real party in interest. 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1548 at 673 (1971). See also Infants, 42 Am.Jur.2d § 161 (1969). Moreover, the minority of the named plaintiffs has expired and with it expired the authority of the next friends to represent them in this action. Infants, 42 Am.Jur.2d § 164 at 155 (1969). See Mo.Rev.Stat. § 507.115 (1978). Finally, plaintiffs' reliance on Walsh v. Louisiana High School Athletic Association, 616 F.2d 152 (5th Cir.1980), is misplaced because in Walsh, the plaintiff parents brought suit individually as well as on behalf of their minor children. The parents in the case at bar brought suit only as the next friends of their named minor children.
Plaintiffs next argue that so-called "collateral consequences" of defendants' action continue to prejudice plaintiffs Kuhlmeier and Tippett and that injunctive relief is needed to remedy said consequences. *1426 These consequences are vaguely referred to as "impaired educational and employment opportunity." Memorandum Of Law In Opposition To Defendants' Motion For Summary Judgment at 13. A review of plaintiffs' complaint and the depositions of Kuhlmeier and Tippett-West, however, sheds some light on plaintiffs' position. Plaintiff Kuhlmeier complains that because the articles in question, on which she did the layout work, were not published, she was unable to include them in her college portfolio or enter them in contests. Plaintiff Tippett-West complains that defendants' conduct prevented her from entering the articles in contests and listing them on her resume.
The weakness in plaintiffs' argument, however, is that plaintiffs fail to indicate how these consequences have adversely affected them. Plaintiff Tippett-West is currently in nursing school and apparently has no plans to pursue a career in journalism. It is not clear what plaintiff Kuhlmeier is currently doing, but nowhere does she state how the absence of these articles in her college portfolio has or will adversely affect her. With respect to contests, if this Court were to order defendants to publish the articles in question, said relief would not remedy the consequence because the contests that they were allegedly prevented from entering were limited to high school students. Plaintiffs are no longer high school students and therefore injunctive relief would not cure this "collateral consequence."
Moreover, the cases relied on by plaintiffs in support of applying the "collateral consequences" exception to the mootness doctrine here, are easily distinguished. In both Hatter v. Los Angeles City High School, 452 F.2d 673, 674 (9th Cir.1971), and Jones v. Snead, 431 F.2d 1115, 1116 (8th Cir.1970), the student plaintiffs were subjected to disciplinary sanctions which they challenged as unconstitutional. Although the sanctions had been completed by the time the cases received judicial review, the students' claims for injunctive relief were held not moot because collateral consequences, i.e., the existence of the discipline on the students' records, continued to flow from the action taken and an injunction ordering the discipline expunged from the students' records would remedy said consequences. Such is not the case here.
Plaintiffs next argue that their claims for injunctive relief are not moot because they, as members of the community served by Hazelwood East High School, "have an ongoing First Amendment right to contribute material for publication in and to receive information through Spectrum." Memorandum Of Law In Opposition To Defendants' Motion For Summary Judgment at 14. The factual basis for this alleged right is defendants' statements that the Spectrum includes stories that are of interest to the patrons of the Hazelwood East community and that the Spectrum solicits suggestions and ideas for stories from the members of said community. The simple answer to plaintiffs' argument is that, assuming they have such a right as members of the community, plaintiffs do not allege that said right was violated by defendants. From the start, plaintiffs alleged that defendants violated their rights as students to publish the articles in question. The right that plaintiffs assert in the instant argument is not a right of expression, but a right as members of the community to receive information or read articles on certain topics. See Seyfried v. Walton, 668 F.2d 214, 218-19 (3d Cir.1981) (distinction between first amendment freedom of expression and freedom to hear or receive information). Asserting such a new theory constitutes an amendment to their complaint and, at this late date, unfairly prejudices defendants who have discovered and prepared this case as a right of expression case. This Court will not allow plaintiffs to amend their complaint or change the right being asserted this late in the case and, therefore, plaintiffs' "community standing" argument is rejected.
The final argument made by plaintiffs is that, because they challenge defendants' policies with respect to Spectrum on *1427 overbreadth grounds under the first amendment, they have standing to raise the rights of third parties, such as present members of Spectrum who have not graduated. Plaintiffs rely on Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), wherein the Supreme Court stated:
Litigants ... are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.
Id. at 612, 93 S.Ct. at 2915 (emphasis added). See also Secretary of State of Maryland v. Joseph H. Munson Company, Inc., ___ U.S. ___, ___, 104 S.Ct. 2839, 2847, 81 L.Ed.2d 786 (1984). Plaintiffs are correct that, under Broadrick, the normal prudential standing limitation against raising the rights of third persons, see In re Malone, 592 F.Supp. 1135 at 1153-1154 (E.D.Mo., 1984), does not apply in first amendment cases. However, plaintiffs confuse prudential standing limitations, which are not mandated by Article III, with the mootness doctrine, which is. A necessary prerequisite to application of Broadrick is that a "case or controversy exist." See Village of Schaumburg v. Citizens For Better Environment, 444 U.S. 620, 634, 100 S.Ct. 826, 834, 63 L.Ed.2d 73 (1980) ("Given a case or controversy, a litigant whose own activities are unprotected may nevertheless challenge a statute by showing that it substantially abridges the First Amendment rights of other parties not before the court.") (emphasis added). See also, Joseph H. Munson Company, Inc., ___ U.S. at ___, 104 S.Ct. at 2847. In the case at bar, at least with respect to injunctive relief, plaintiffs no longer have a "live" case or controversy and, therefore, they may not assert the rights of others to obtain said relief.[1]
Accordingly, this Court holds that plaintiffs' claims for injunctive relief are moot. Defendants' motion for summary judgment in their favor is granted with respect to plaintiffs' claims for injunctive relief and said claims are dismissed.

II. DAMAGES
Defendants also argue that plaintiffs' damage claims are moot. Defendants spend much effort trying to establish that plaintiffs' claims for actual damages and emotional distress damages are not viable. Although it appears that plaintiffs have suffered little, if any, actual damage and that plaintiffs' alleged emotional distress may not have been caused by the named defendants, this Court need not determine the merits of said damage claims because the availability of nominal and punitive damages prevents plaintiffs' damage claims from being moot.
Nominal and punitive damages are recoverable in an action under 42 U.S.C. § 1983 without proof of actual damage. Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). Therefore, even though plaintiffs have graduated, their viable claims for nominal and punitive damages satisfy the "case or controversy" requirement of Article III. Gibson v. DuPree, 664 F.2d 175, 177 (8th Cir.1981); Truesdale v. District of Columbia, 436 F.2d 288, 290 (D.C.Cir. 1970); Lavin v. Chicago Board of Education, 73 F.R.D. 438, 440 (N.D.Ill.1977).
Accordingly, defendants' motion for summary judgment is denied with respect to plaintiffs' damage claims. In addition, although it seems unlikely that plaintiffs can prove actual damages, including damages for emotional distress, this Court is not convinced that there is no evidence to sustain *1428 such a recovery under any circumstances.

III. DECLARATORY RELIEF
The viability of plaintiffs' damage claims prevents their claim for declaratory relief from being moot. 28 U.S.C. § 2201. Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Accordingly, defendants' motion is also denied with respect to plaintiffs' claim for declaratory relief.
NOTES
[1] An alternative reason for rejecting plaintiffs' last argument is that plaintiffs have, from the start, sought injunctive relief for the violation of their own first amendment rights and have never, until now, attempted to assert the rights of third parties. See First Amended Complaint, Count I, ¶ 17. See also Deposition of Leanne Tippett-West at 15-16. This Court will not allow plaintiffs to change their basis for injunctive relief at this late date.