**SAMOANA FELLOWSHIP, INC. and
RAYMOND and SESE McMOORE, Plaintiffs**

**v.**

**AMERICAN SAMOA POWER AUTHORITY, ABE MALAE,
and MICHAEL DWORSKY, Defendants**

High Court of American Samoa
Trial Division

CA No. 20-93

June 15, 1993

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiffs, Togiola T.A. Tulafono
For Defendants, Robert A. Dennison III

On Motion to Dismiss:

On February 12, 1993, plaintiffs Samoana Fellowship, Inc. and Raymond and Sese McMoore filed suit for injunctive, declaratory, and monetary relief. Defendants American Samoa Power Authority, Abe Malae, and Mike Dworsky filed a motion to dismiss on March 9, 1993. Referencing the "Project Notification and Review System Stop Order Notice," dated February 25, 1993, and "Notice of Termination and Demand for Delivery of Possession," dated March 4, 1993, defendants argue that the stop order was proper and that the lease was terminated, making plaintiffs' lawsuit moot. The motion was heard on May 12, 1993.

## I. Motion to Dismiss Treated as a
## Motion for Summary Judgment

A motion to dismiss (under T.C.R.C.P. Rule 12(b)(6)) will be treated as a summary judgment motion (under T.C.R.C.P. Rule 56) when evidence extrinsic to the complaint is presented to and considered by the court. "[I]f matters outside the pleadings are presented to the [] court on a motion under Rules 12(b)(6) or 12(c), and the court does not exclude them, the motion must be considered as one under Rule 56 and determined in accordance with summary judgment principles." *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992) (quoting 6 Moore's Federal Practice ¶ 56.02[3], at 56-27 (1991)); *see Mauga v. Lutu (Mem.)*, 10 A.S.R.2d 115, 117 (Trial Div. 1989) (moving papers supplemented by affidavits referring to matters outside the complaint); *Smith v. United States*, 362 F.2d 366, 367-68 (9th Cir. 1966) (per

curiam) (copy of lease at issue was attached to motion as an exhibit and not excluded by court); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991) (because defendants submitted matters outside the pleadings, district court properly characterized motion as one for summary judgment and dismissed suit with prejudice).

Defendants have attached a copy of the stop order and the termination notice sent to the plaintiffs to their motion to dismiss. Defendants cite these documents as evidence that plaintiffs' entire lawsuit is moot. Because this assertion requires an adjudication on the merits as to the validity of the stop order and the notice of the lease's termination, this court will treat the motion to dismiss as a motion for summary judgment.

## II. Summary Judgment

Summary judgment is only appropriate when "no genuine issue as to any material fact" exists. T.C.R.C.P. Rule 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). In reviewing the pleadings and supporting papers, a court must view them in the light most favorable to the non-moving party. *D. Gokal & Co. v. Daily Shoppers Inc.*, 13 A.S.R.2d 11, 12 (Trial Div. 1989) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962); *Lokan v. Lokan*, 6 A.S.R.2d 44, 46 (1987)). That is, the facts must be "beyond dispute," and the non-moving party's factual assertions, supported by evidence such as affidavits, are presumed to be true. *Ah Mai v. American Samoa Gov't (Mem.)*, 11 A.S.R.2d 133, 136 (Trial Div. 1989). However, the parties' differing in their characterization of the facts but not the facts themselves does not create a "genuine issue of material fact." *Palelei v. Star Kist Samoa, Inc.*, 5 A.S.R.2d 162, 163 (Trial Div. 1987) (syllabus).

The parties disagree over the validity of the stop order and whether the lease was properly terminated. As to the termination of the lease, plaintiffs challenge whether the termination notice conformed to the lease's provisions. Although a notice of termination was filed with the territorial registrar more than 30 days after the prerequisite notice to plaintiffs, the latter is arguably inadequate. The notice to plaintiffs said that the lease was terminated, the defaults were incurable, and plaintiffs had ten days to leave. However, the lease gives 30 days to cure the default, or a longer period if the parties make a written agreement regarding defaults whose cure would take longer than 30 days. Because

73

the sufficiency of the notice is a matter of law, this argument is not, in itself, a bar to granting summary judgment.

However, "genuine issues of material fact" do exist. Although defendants believe that the stop order was properly issued, plaintiffs assert that the stop order was unlawful and issued in bad faith. On this issue, defendants fail to carry the burden of proof required for a motion for summary judgment. Also, the parties disagree as to whether the stop order's conditions must be met before the provision of utilities or only before final occupancy of the site and building.

Furthermore, plaintiffs also claim that defendants knew or should have known that halting the building's construction would result in damages and that defendants' actions constituted an abuse of authority. Also, plaintiffs attack defendants' motives, alleging that defendants acted in bad faith in refusing to provide utilities and that the latter's claimed grounds for their actions are a "sham." Since "genuine issues of material fact" exist, a motion for summary judgment is inappropriate.

## III. Mootness

Even if the lease were validly terminated, plaintiffs' lawsuit would not be moot. In addition to injunctive and declaratory relief, plaintiffs seek compensatory and punitive damages. Even if one issue is moot, the other issues are still subject to judicial resolution. As such, "damage claims are seldom moot." *Gibson v. DuPree*, 664 F.2d 175, 177 (8th Cir. 1981) (per curiam) (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3533, at 272-73 (1975)); *see Gulf Publ. Co. v. Lee*, 679 F.2d 44, 46 n.2 (5th Cir. 1982) ("Claims for money damages ordinarily preclude a finding of mootness unless the parties have settled the case."); *Washington v. James*, 782 F.2d 1134, 1137 (2d Cir. 1986) (seeking punitive damages preserved a "legally cognizable interest") (quoting *Patrick v. Le Fevre*, 745 F.2d 153, 156 n.2 (2d Cir. 1984)); *see, e.g., Powell v. McCormack*, 395 U.S. 486, 496, 498 (1969); *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 478 n.1 (1989) (citing *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 8-9 (1978)). In short, plaintiffs' lawsuit remains viable.

## IV. Conclusion

Although styled a motion to dismiss, defendants' motion is properly regarded as a motion for summary judgment. In this context, defendants have not met their burden of proving that no "genuine issue

of material fact" exists. Plaintiffs' lawsuit is thus not moot. Therefore, the motion is denied.

It is so ordered.