491 F.2d 92
 Timothy G. HOLLON, by next friend, Garland Hollon, Plaintiff-Appellee,
v.
MATHIS INDEPENDENT SCHOOL DISTRICT, Olan McCraw, Jr., as
Superintendent, and V. M. Thyssen, President etc.,
Defendants-Appellants.
 No. 73-1607.
 United States Court of Appeals, Fifth Circuit.
 March 15, 1974.
 
 James P. Ryan, Bruce D. Viles, Corpus Christi, Tex., for defendants-appellants.
 Nelson R. Sharpe, Kingsville, Tex., for plaintiff-appellee.
 Before BROWN, Chief Judge, and RONEY and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue presented on this appeal is now moot. The District Court entered a preliminary injunction against the enforcement of a high school regulation which bars married students from participating in athletics and certain other extracurricular activities. Pursuant to 28 U.S.C.A. 1292(a)(1), the School District appeals the finding of unconstitutionality which undergirds the relief granted against it.
 
 
 2
 The sole plaintiff in this nonclass action, Timothy G. Hollon, graduated prior to the hearing on this appeal and seeks neither continuance of the preliminary injunction nor further permanent action from the Court. Prior to his marriage in his senior year in high school, Hollon competed successfully in football, baseball and basketball in the Interscholastic League operated by the University of Texas. The preliminary injunction effectively permitted him to continue in these activities until he graduated, despite the prohibitory school regulation. Upon graduation, Hollon's interest in this proceeding terminated, and his counsel on appeal has suggested mootness.
 
 
 3
 'An issue becomes moot and hence no longer justiciable where as a result of intervening circumstances there are no longer adverse parties with sufficient legal interests to maintain the litigation.' 6A Moore's Federal Practice P57.13, at 57-128 (1973 ed.). Compare Caldwell v. Craighead, 432 F.2d 213 (6th Cir. 1970), cert. denied, 402 U.S. 953, 91 S.Ct. 1617, 29 L.Ed.2d 123 (1971) (request for injunctive relief against suspension from high school pep band mooted by student's move to another city), with Jones v. Snead, 431 F.2d 1115 (8th Cir. 1970) (expiration of semester suspension from college did not moot civil rights suit for injunctive relief in view of possible collateral consequences).
 
 
 4
 'Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss.' Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 56 S.Ct. 202, 205, 81 L.Ed. 178 (1936); see SEC v. Medical Committee for Human Rights, 404 U.S. 403, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972).
 
 
 5
 The injunction by its terms has a continuing effect on the School District beyond Hollon's graduation. We find inappropriate, however, the District Court's restraint against enforcement of the regulation as to married students in general. The purpose of a preliminary injunction is to preserve the status quo during litigation to determine the merits of the case for permanent injunction. Exhibitors Poster Exchange, Inc. v. National Screen Service Corp., 441 F.2d 560 (5th Cir. 1971). In this case, which is not a class action, the injunction against the School District from enforcing its regulation against anyone other than Hollon reaches further than is necessary to serve such purpose. We would set aside this portion of the preliminary injunction, therefore, as an abuse of discretion, without reaching the constitutional question. Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R.R., 363 U.S. 528, 80 S.Ct. 1326, 4 L.Ed.2d 1379 (1960); Allen v. Mississippi Commission of Law Enforcement, 424 F.2d 285 (5th Cir. 1970).
 
 
 6
 The preliminary injunction is vacated and the cause is remanded with directions to dismiss. This procedure prevents the judgment, 'unreviewable because of mootness, from spawning any legal consequences.' United States v. Munsingwear, Inc., 340 U.S. 36, 41, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950).