Welton THOMAS, Plaintiff-Appellant,

v.

Ruben M. TORRES, George G. Killinger, Connie L. Jackson and Ken Casner, Defendants-Appellees.

No. 83–2105

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1983.

Certiorari Denied Jan. 23, 1984. See 104 S.Ct. 1008.

Welton Thomas, for plaintiff-appellant.

Nancy M. Simonson, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

Petitioner Welton Thomas, an inmate of the Texas Department of Corrections, filed this civil rights action against members of the Texas Board of Pardons and Parole, alleging that the board failed to consider the merits of his case in denying him parole and that it denied him parole on the basis of the seriousness of his offenses and his past outspoken attitude. Thomas later filed a supplemental complaint in which he alleged that the board failed to find him a job and housing and failed to consider his good time credits. The defendants answered, moving to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(6) for failure to state a cause of action in that Thomas failed to allege any deprivation of a constitutional right. The magistrate recommended dismissal on this ground, and the district court agreed and did so. Thomas appeals.

The defendants proffer two separate grounds for affirming the district court's dismissal: (1) Thomas's claims should have been treated as habeas corpus claims, requiring exhaustion of state remedies; and (2) his claims do not allege any federal constitutional deprivation. Both are correct, but the latter controls. We affirm.

Thomas's claims against the members of the Texas Board of Pardons and Parole call in question the fact and duration of his confinement. He should therefore have sought habeas relief. *See Staton v. Wainwright,* 665 F.2d 686, 687 (5th Cir.), *cert. denied,* 456 U.S. 909, 102 S.Ct. 1757, 72 L.Ed.2d 166 (1982); *see also Caldwell v. Line,* 679 F.2d 494, 496 (5th Cir.1982) (and cases cited). Neither habeas nor civil rights relief can be had, however, absent the allegation by a plaintiff that he has been deprived of some right secured to him by the United States Constitution or laws. 28 U.S.C. § 2254(a); 42 U.S.C. § 1983; *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (first inquiry in any § 1983 suit is whether the plaintiff has been deprived of a right secured by the Constitution); *Trussell v. Estelle,* 699 F.2d 256, 259 (5th Cir.1983) (federal court may entertain an application for a writ of habeas corpus from a person in state custody only on the ground that he is in custody in violation of the Constitution or laws of the United States). Therefore, if Thomas has not alleged a deprivation of any such right, he has failed to state a claim for either habeas or civil rights relief.

The Supreme Court has stated:

There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.

*Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). It further observed that the "sensitive choices presented by the administrative decision to grant parole release" do not "automatically invoke due process protection." *Id.* It saw a crucial difference between the initial grant of parole and the revocation of parole. *Id.* at 10, 99 S.Ct. at 2105. We have held that the Texas probation system does not create even an expectancy of release. *Williams v. Briscoe,* 641 F.2d 274, 276–77 (5th Cir.), *cert. denied,* 454 U.S. 854, 102 S.Ct. 299, 70 L.Ed.2d 147 (1981). So holding, we affirmed the dismissal of a civil rights suit against the parole board and others for failing to state a cause of action.

*Id.* at 275. *See also Brown v. Lundgren,* 528 F.2d 1050, 1053 (5th Cir.), *cert. denied,* 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976) (§ 2255) (decision to deny parole does not invoke constitutional due process protection).

 These decisions clearly apply and control Thomas's case. His petition fails to allege the deprivation of any right secured by the Constitution and laws. He has therefore failed to state a claim for either civil rights or habeas relief. The judgment of the trial court is

AFFIRMED.