**Leonardo Botero GOMEZ,
Petitioner–Appellee.**

v.

**UNITED STATES of America,
Respondent–Appellant.**

No. 89–6199.

United States Court of Appeals,
Eleventh Circuit.

April 30, 1990.

Dexter Lehtinen, U.S. Atty., Miami, Florida, Paul Pelletier, Asst. U.S. Atty., Miami, Fla., for respondent-appellant.

Benson B. Weintraub, Benedict P. Kuehne, Miami, Fla., for petitioner-appellee.

Before CLARK, Circuit Judge, RONEY *, Senior Circuit Judge, and ATKINS **, Senior U.S. District Judge.

RONEY, Senior Circuit Judge:

The United States Government appeals an order of the district court granting bail to a convicted criminal, who is an AIDS victim, pending consideration of his petition for writ of habeas corpus. Because the release affords the defendant more relief temporarily than he would be entitled to even if he prevails in his habeas corpus action, we reverse.

Convicted of a controlled substance violation under 21 U.S.C.A. § 841(a)(1), defendant Leonardo Botero Gomez was given the statutory minimum sentence of 10 years imprisonment. Gomez has AIDS (Stage IV Acquired Immune Deficiency Syndrome). In his petition for writ of habeas corpus, he alleges that the medical treatment he is receiving in custody is inadequate, and therefore unconstitutional. With a life expectancy of two years, Gomez also alleges that the ten-year sentence amounts to a life sentence, which is disproportionate to the crime committed, and is therefore a violation of the constitutional prohibition against cruel and unusual punishment.

After defendant was sentenced, execution of the sentence was suspended pending court determination that the Bureau of Prisons (BOP) has the ability to treat AIDS prisoners within its facilities. Meanwhile, the court ordered that the defendant remain in its jurisdiction.

Petitioner was confined to the Metropolitan Correctional Center (MCC) in Dade County, Florida, operated by the U.S. Bureau of Prisons. Because MCC is an infirmary and not a hospital, Gomez was referred to Jackson Memorial Hospital to receive treatment not available at MCC. Referrals were made on the basis of regularly scheduled visits and in response to symptomatic problems. Zidovudine, the drug commonly known as AZT, which inhibits growth of the AIDS virus, was administered to Gomez through Jackson Memorial.

■ A prisoner seeking release pending habeas corpus can be granted bail under two sets of circumstances: *first,* he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; *second,* extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought. *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir.1974).

At an evidentiary hearing, a United States magistrate found the requirements of the *Calley* test satisfied. Gomez was then released from custody by the district court under electronic surveillance on a $25,000 ten percent bond and a $150,000 personal surety bond. In addition to affirming the magistrate's order allowing bail, the district court also ordered that Gomez not be transferred to another prison facility outside of the court's jurisdiction prior to final determination of the pending habeas corpus petition.

The district court apparently overlooked the fact that even if Gomez prevails on his habeas corpus petition, he would not be entitled to be released from prison.

■ Prison authorities are required by statute to provide for the safekeeping and care of all persons charged with or convicted of offenses against the United States. 18 U.S.C.A. § 4042(2). Deliberate indifference to a prisoner's medical needs is proscribed by the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). The district court found that the treatment of Stage IV AIDS at MCC is inadequate. Such a finding, however, does not permit release of the petitioner under the law of the Eleventh Circuit.

While the petition for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment, *Preiser v. Rodriguez,* 411

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

U.S. 475, 504, 93 S.Ct. 1827, 1843–44, 36 L.Ed.2d 439 (1973), its use as a vehicle for relief from prison conditions has not been addressed by the Supreme Court. The Court expressly left "to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement ..." *Bell v. Wolfish*, 441 U.S. 520, 527 n. 6, 99 S.Ct. 1861, 1868 n. 6, 60 L.Ed.2d 447 (1979). Some authorities do not permit such claims to be asserted in a habeas corpus action. *Lee v. Winston*, 717 F.2d 888, 893 (4th Cir.1983) (claim to enjoin surgery is not cognizable as a petition for writ of habeas corpus); *Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir.1979) (the writ of habeas corpus is limited to attacks on either the legality or the duration of confinement); *United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir.1979) (medical treatment claim is not cognizable in a federal habeas proceeding); *United States, ex rel. Broadnax v. DeRobertis*, 565 F.Supp. 327 (N.D.Ill.1983). *But cf. Albers v. Ralston*, 665 F.2d 812, 815 (8th Cir.1981) (prisoners alleging substantial constitutional violations may seek writs of habeas corpus to challenge conditions of confinement).

■ The Government has not made that argument on this appeal. If these claims are considered in a habeas corpus context, however, this Court has held that even if a prisoner proves an allegation of mistreatment in prison that amounts to cruel and unusual punishment, he is not entitled to release. *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir.), *cert. denied*, 442 U.S. 932, 99 S.Ct. 2866, 61 L.Ed.2d 301 (1979). The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment. *Cook*, 596 F.2d at 660. Although problems of prisons are complex and not readily susceptible to resolution by decree, *Sheley v. Dugger*, 824 F.2d 1551, 1559 (11th Cir.1987), relief of an Eighth Amendment violation does not include release from confinement.

Assuming *arguendo* that his allegations of mistreatment demonstrate cruel and unusual punishment, the petitioner still would not be entitled to release from prison. The appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing him cruel and unusual punishment. *See Preiser v. Rodriguez*, 1973, 411 U.S. 475, 499, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439, 455; *Williams v. Edwards*, 5 Cir.1977, 547 F.2d 1206, 1212; *Mead v. Parker*, 9 Cir.1972, 464 F.2d 1108, 1111; *Konigsberg v. Ciccone*, W.D.Mo.1968, 285 F.Supp. 585, 589, *aff'd*, 8 Cir.1969, 417 F.2d 161, *cert. denied*, 1970, 397 U.S. 963, 90 S.Ct. 996, 25 L.Ed.2d 255; *Coffin v. Reichard*, 6 Cir.1944, 143 F.2d 443, *cert. denied*, 1945, 325 U.S. 887, 65 S.Ct. 1568, 89 L.Ed. 2001. *See also* Note, "Prison Conditions as Amounting to Cruel and Unusual Punishment," 51 A.L.R.3d 111, 126 (1973); Note, "Developments in the Law of Habeas Corpus," 83 Harv.L.Rev. 1038, 1084 (1970). *Cf. Armstrong v. Cardwell*, 6 Cir.1972, 457 F.2d 34.

*Cook*, 596 F.2d at 660 (footnote omitted).

The question is not whether MCC can provide adequate treatment under court order, but whether the Bureau of Prisons can give adequate medical treatment any place in its system. Chronic Stage IV AIDS inmates are currently being treated in the federal prison system. At the evidentiary hearing to determine bail, the court record included a letter by the BOP's medical director stating that AIDS inmates can be treated adequately in a medical and legal sense in the federal facility at Springfield, Missouri.

Reflecting the BOP's awareness of the need for sensitive overall care in this kind of illness, it recently proposed new regulations to codify its policy with respect to testing, counseling, treating, and monitoring federal inmates infected with AIDS. 54 Fed.Reg. 49,056 (to be codified at 28 C.F.R. §§ 549.16–549.18) (proposed Nov. 28, 1989).

■ If Gomez proves his claims of cruel and unusual punishment because of medi-

cal treatment, the most relief that he could obtain would be an injunction against practices that are in violation of the Eighth Amendment, or a mandatory injunction to bring his treatment up to constitutional standards.

Likewise, if the defendant prevails on his claim that the length of his sentence violates the Constitution, he would still be required to serve whatever reduced sentence would be proper. Petitioner would not be entitled to release from incarceration.

The grant of bail pending consideration of his petition for writ of habeas corpus gave Gomez more relief on a preliminary basis than he would be entitled to if he ultimately prevails on his constitutional claims. Litigants are not entitled to greater temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party. *Cf. DeBeers Mines v. United States*, 325 U.S. 212, 220, 65 S.Ct. 1130, 1134, 89 L.Ed. 1566 (1945); *Hollon v. Mathis Independent School District*, 491 F.2d 92, 93 (5th Cir.1974).

REVERSED.