IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20723
Conference Calendar

_____

WILLIE DEE ARMSTEAD,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Executive Director,
Texas Department of Criminal Justice;
VERONICA BALLARD; VICTOR RODRIGUEZ;
BENNIE ELMORE; JOHN ESCOBEDO,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1498
- - - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Willie Armstead, Texas prisoner # 249434, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  He argues that he
challenged the Texas Board of Pardons and Paroles' (parole board)
customs and policies as unconstitutional but that he did not
challenge the parole board's decision to deny his parole;
therefore, the district court's dismissal based on *Heck v.*

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*Humphrey*, 512 U.S. 477, 486, 487 (1994), was inappropriate. Armstead further contends that the district court abused its discretion when it did not conduct a *Spears* hearing.

In his complaint, Armstead alleged that his rights to due process and equal protection were violated because, (1) the parole board miscalculated his parole-eligibility date and set off dates; (2) the parole board pulled his file from review because of a disciplinary case that did not exist; (3) only two members of the board, rather than three, voted on his parole review; and (4) the parole board for the Ellis Unit, where Armstead is incarcerated, does not apply its rules and regulations in the same fashion as panels in other regions and other units in order to provide a supply of free labor for the Ellis Unit's industrial facilities. On appeal, Armstead reasserts the merits of his underlying complaint.

Armstead has failed to allege that the parole board violated his rights as secured by the federal Constitution or laws. *See Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). He has no constitutionally protected liberty interest in obtaining parole in Texas and thus no claim for violation of due process. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). His equal-protection allegations are conclusional. *See Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989). Moreover, he fails to indicate that the parole board's alleged policy of denying parole to prisoners in the Ellis Unit had any effect on his individual parole status. The district court's judgment is AFFIRMED.