**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-10360
Summary Calendar

JED STEWART LINEBERRY,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-597

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jed Stewart Lineberry, federal prisoner # 10296-078, is appealing the district court's order dismissing for lack of subject matter jurisdiction his complaint seeking damages pursuant to the Federal Tort Claims Act (FTCA). He has filed a motion for leave to proceed in forma pauperis (IFP) on appeal, challenging the district court's denial of IFP and certification that his appeal

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).

Lineberry alleged in the district court that he was injured while incarcerated at FCI Seagoville because the facility housed illegal prisoners and gang members, was overcrowded, and because staff members encouraged other inmates to attack him because he had filed a complaint complaining about the facility. He argues on appeal that the district court deprived him of his right to a jury trial by dismissing the case without considering the merits of his claims. A jury trial was not required under the FTCA. *See* 28 U.S.C. § 2402; *Andrade v. Chojnacki*, 338 F.3d 448, 457 (5th Cir. 2003).

He also argues that he was not placed on notice that a FED. R. CIV. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction had been filed by the defendant and was not advised of the consequences if he failed to respond. He contends that he was entitled to submit facts in support of jurisdiction and that he should have been allowed to file an amended complaint to add the facts necessary to prove jurisdiction.

The party asserting subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Contrary to Lineberry's assertions, the United States stated in its motion that it was seeking dismissal of Lineberry's FTCA claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Lineberry received the motion and filed a lengthy, detailed response, including a specific response that the district court retained jurisdiction because the defendant's actions were not protected by the discretionary act exception. He also filed objections to the magistrate judge's recommendation that the complaint be dismissed for lack of subject matter jurisdiction. Although his objections included a request for discovery and a hearing to introduce facts to rebut the facts submitted by the defendant, he has not identified any specific evidence that he intended to introduce to show that the acts complained of fell

2

outside the discretionary decision exception. Nor has he asserted what new facts that he would allege in a second amended complaint to support his claims. Lineberry had an adequate opportunity to provide facts to support his claim of federal subject matter jurisdiction and he failed to do so.

Lineberry repeats his complaints that he was injured as a result of overcrowded conditions, the staff assisting inmates in assaulting him in retaliation for his filing a complaint against the staff, and other acts. He has not addressed the district court's determination that his FTCA complaints about his placement, overcrowding, under staffing, and the dangerous population are barred by the discretionary function exception. Thus, he has abandoned these claims on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Regarding Lineberry's claim of retaliation on the part of the defendant, he has not challenged the magistrate judge's determination that he failed to allege wrongdoing based on acts or omissions that occurred while BOP officials were engaged in investigative or law enforcement activities. Thus, he has not challenged the finding that his claim falls under the intentional tort exception of the FTCA. 28 U.S.C. § 2680(h). Therefore, he has also abandoned that issue on appeal. *Brinkmann*, 813 F.2d at 748. Nor has Lineberry challenged on appeal the dismissal of his 42 U.S.C. 1983 complaint for failure to state a claim against a state actor. Thus, that claim is also abandoned. *Id.*

Insofar as Lineberry contends that he is seeking injunctive relief, his claim is moot because he has been transferred and is no longer housed at the Seagoville facility. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Lineberry's appeal is without arguable merit and, thus, should be dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

APPEAL DISMISSED; MOTION DENIED