# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-40522
Summary Calendar

JED STEWART LINEBERRY,

Plaintiff-Appellant

v.

ANDREW STOVER, Assistant U.S. Attorney, (Individual Capacity); DANIEL
PAUL MEADE, ATF Agent, (Individual Capacity),

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CV-57

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jed Stewart Lineberry, federal prisoner # 10296-078, is appealing the
district court's dismissal of his civil rights complaint for failure to state a claim
and for being frivolous based on *Heck v. Humphrey*, 512 U.S. 477 (1994).
Lineberry argues that he should have been allowed to file his objections to the
magistrate judge's report and recommendation of dismissal after the ten-day

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

deadline for doing so because he was placed in segregation and denied access to all legal materials.

Lineberry admitted that he received notice of the magistrate judge's report on March 27, 2009, and he did not seek an extension of time to file his objections until several days after the district court entered a judgment of dismissal on April 15, 2009. Thus, Lineberry had the opportunity to timely file a motion for extension of time, and he failed to do so until after the case was dismissed. Additionally, in the motion he filed after dismissal, he failed to state any meritorious objections to the magistrate's report. The district court did not abuse its discretion in denying the motion for extension of time to file objections. FED. R. CIV. P. 6(b).

Lineberry further argues that he is entitled to damages because he was charged and prosecuted for being a felon in possession of a firearm based on the false testimony of an agent and his former wife. He contends that the prosecutor did not disclose a Memorandum Agreement to the defense that could have been used to impeach the trial testimony of his former wife in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

A district court may dismiss a prisoner's complaint if the action is frivolous or malicious or fails to state a claim. *See* 28 U.S.C. § 1915A. We review the district court's dismissal de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

If Lineberry's allegations are proved to be true, they could undermine the validity of his conviction for being a felon in possession of a firearm. Pursuant to *Heck*, he is barred from seeking relief until he demonstrates that his conviction has been reversed or other wise invalidated. *Heck*, 512 U.S. at 486-87; *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). He has not done so. Thus, the district court did not err in dismissing the complaint for failure to state a claim and as frivolous.

Lineberry's appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir.1983). Because the appeal is frivolous, it is dismissed. *See* 5th Cir. R. 42.2. The district court's dismissal of Lineberry's civil rights lawsuit and this court's dismissal of this appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Lineberry received a third strike as a result of this court's dismissal as frivolous of his appeal in *Lineberry v. U.S.*, No. 09-10360 (5th Cir. 2009). Lineberry is therefore barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED