# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2010

No. 09-40262
Summary Calendar

Lyle W. Cayce
Clerk

JED STEWART LINEBERRY,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; HARLEY LAPPIN, Director of Bureau of Prisons; FEDERAL CORRECTIONAL INSTITUTION TEXARKANA,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-72

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Jed Stewart Lineberry, federal prisoner # R10296-078, is appealing the district court's dismissal with prejudice of his claims, arising during his incarceration at the Federal Correctional Institution (FCI) in Texarkana, Texas, in which he sought injunctive relief and damages under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of Narcotics*, 403 U.S. 388

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1971). Lineberry also appeals the dismissal without prejudice of claims arising during his incarceration at the FCI, Seagoville, which were dismissed as being duplicative of claims he raised in a suit pending in the Northern District of Texas.

Lineberry has not challenged the dismissal of his claims under the FTCA for failure to exhaust his administrative remedies. Thus, he has abandoned those claims on appeal. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Lineberry complains that he did not consent to the matter being referred to the magistrate judge and that based on his objections filed pursuant to 28 U.S.C. § 636(c), the magistrate judge lost all jurisdiction to conduct any proceedings in his case. This argument is frivolous because the magistrate judge only made "findings of fact and recommendations" pursuant to § 636(b)(1)(B), and the consent of the parties was not required for the district judge to refer the case to a magistrate judge because "the ultimate decision-making authority was retained by the district court." *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).

Lineberry argues that the district court had personal jurisdiction over Director Lappin because there was an affirmative link between the alleged constitutional deprivations and Lappin's approval of unconstitutional policies or plans. It is not necessary to detemine if the district court had personal jurisdiction over Lappin because Lineberry's conclusional allegations are not supported by any specific facts showing Lappin's personal involvement in the daily operation of the prison or that Lappin personally implemented a deficient policy resulting in a constitutional violation. Thus, the district court did not err in determining alternatively that Lineberry failed to allege a *Bivens* claim against Lappin. *See Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

Because the district court held that his administrative remedies were rendered unavailable, Lineberry is entitled to seek injunctive relief to challenge

the alleged unconstitutional policies and practices. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). However, as discussed below, Lineberry has failed to argue facts that support plausible constitutional claims. *See In re Katrina Canal*, 495 F.3d 201, 205 (5th Cir. 2007).

Lineberry has not alleged any specific facts showing that the alleged overcrowded and understaffed conditions at the Texarkana facility have placed him at risk for serious harm or that he has suffered any serious harm to his health and safety. Lineberry has not asserted that he has been involved in a fight, injured, or developed a medical problem because of the overpopulation of the Texarkana facility. He has not asserted facts showing that he was denied medical care for a specific injury or illness at Texarkana. Nor has he alleged any specific facts showing that the Texarkana prison officials are aware of the presence of asbestos in the facility that is presently causing a specific risk of harm to Lineberry or any other prisoner. Thus, Lineberry has not alleged facts showing that there is an excessive risk that he will suffer a serious harm because of the prison population or because of dangerous conditions that the prison officials were aware of and failed to address. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994*); Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). Nor has he alleged facts showing deliberate indifference to his medical needs. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

Lineberry argues for the first time on appeal that the Texarkana prison factory, Unicor, is a slave camp that produces dangerous chromium, a chemical causing cancer and lung disease resulting in premature deaths. The court will not consider a newly raised factual claim on appeal. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

Nor has Lineberry alleged specific facts showing that his imprisonment with illegal aliens and gang members places him at an unnecessary risk of serious injury or that prison officials are aware of such a risk. Thus, he failed

to allege a claim for failure to protect. *See Farmer*, 511 U.S. at 832-33, 837. Lineberry argues for the first time in his reply brief that Texarkana houses over 200 mentally ill prisoners, who have only sporadic monitoring and that these prisoners sometimes assault other inmates without cause. This court will not consider an issue raised for the first time in a reply brief. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

Lineberry makes a conclusional argument that "one of the defendants is guilty of retaliation against him for filing the complaints against the defendants." He does not identify the officer who allegedly made the threats. Further, there is no allegation that an officer committed a retaliatory act as a result of Lineberry's attempt to file his grievances. Lineberry's arguments are too general and conclusional to show that he had stated a valid constitutional claim of retaliation. *See Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

Lineberry's argument that he is forced into servitude in violation of the 13th and 15th Amendments is also frivolous. The Fifteenth Amendment addresses voting rights and has no application to a claim of involuntary servitude. Lineberry acknowledges that he is paid for his work at the prison, and he provides no evidence of a realistic threat of compulsion, an element of an involuntary servitude claim. *See Channer v. Hall*, 112 F.3d 214, 218 (5th Cir. 1997). The fact that he may lose good-time credits under prison regulations if he refuses to work does not support a claim that Lineberry is subject to involuntary servitude in violation of the Thirteenth Amendment. *See Watson v. Graves*, 909 F.2d 1549, 1552-53 (5th Cir. 1990); 28 C.F.R. §§ 541.13, 545.20.

Lineberry argues that the Bureau of Prison (BOP) policy precluding an inmate convicted of being a felon in possession of a firearm from completing a drug program that would make him eligible for earning a one-year reduction of his sentence overrides the Constitution. At the time of Lineberry's conviction and presently, the applicable regulation excluded inmates convicted of being felons in possession from early release eligibility based on their participation in

a drug program. *See Hadley v. Chapman*, 587 F.3d 273-83 (5th Cir. 2009). The court has rejected arguments that the regulation violated the Equal Protection or Due Process Clauses. *Id.* at 280-81. Because Lineberry was sentenced for being a felon in possession of a firearm in July 2003, he was ineligible for early release under the rule in effect at the time of his conviction and sentence, and he remains ineligible for early release under the drug program. *See id.* at 283.

Lineberry complains about the disciplinary action taken against him while he was incarcerated at Seagoville and about other conditions at that facility. He does not deny that he raised these claims in a suit that he filed in the Northern District of Texas. The district court did not err in dismissing these claims without prejudice because this court has held that it is "malicious" for a prisoner proceeding in forma pauperis (IFP) to file a lawsuit that duplicates the allegations of another pending federal action by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

Lineberry's appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir.1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. Based on the dismissal of two of Lineberry's prior appeals, the court has recently determined that Lineberry is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Lineberry v. Stover*, No. 09-40522 (5th Cir. Nov. 17, 2009); *Lineberry v. United States*, No. 09-10360 (5th Cir. Nov. 17, 2009). Lineberry remains subject to the § 1915(g) bar.

APPEAL DISMISSED.