# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2010

No. 09-40744
Summary Calendar

Lyle W. Cayce
Clerk

JED STEWART LINEBERRY,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA;  FEDERAL BUREAU OF PRISONS;
DIRECTOR OF BUREAU OF PRISONS, HARLEY LAPPIN; FEDERAL
CORRECTIONAL INSTITUTION TEXARKANA; WARDEN, FEDERAL
CORRECTIONAL INSTITUTION, KEITH ROY,

Respondents-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-185

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jed Lineberry, federal prisoner # 10296-078, appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2241 habeas petition challenging the conditions of his confinement and procedures used at the Federal Correctional Institutions at Seagoville and Texarkana.  He argues that the district court abused its discretion in failing to address his claims that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conditions of confinement subject him to cruel and unusual punishment that entitles him to immediate release.

Where "a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," the proper vehicle is a civil rights action if a determination in the prisoner's favor will not automatically result in his accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). Lineberry has not provided any authority for his argument that he is entitled to be released because he has allegedly been subjected to cruel and unusual punishment. His challenges to the conditions of confinement, even if proved to be true, will not result in his accelerated release. *See Gomez v. United States,* 899 F.2d 1124, 1126 (11th Cir. 1990). The proper remedy is to require the discontinuance of a practice or to require the correction of an unconstitutional condition. *Id.* The district court correctly dismissed these claims without prejudice based on a determination that Lineberry must seek such remedies in a civil rights action. *Carson*, 112 F.3d at 820-21.

Lineberry also argues that prison disciplinary proceedings and procedures violate due process. Lineberry has not challenged on appeal a specific disciplinary proceeding resulted in penalties that would extend the duration of his sentence. A broad attack on the prison's alleged use of illegal administrative procedures that will not result in the prisoner's accelerated release must also be made in a civil rights complaint. *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Thus, the district court's dismissal without prejudice and its determination that Lineberry is required to assert this claim in a civil rights action is affirmed.

Lineberry contends that limiting access to a prison drug program to substance abusers is arbitrary and discriminatory and deprives him of a means to reduce his sentence by one year. This court has determined that the disqualification of a prisoner such as Lineberry, who has been convicted of being a felon in possession of a firearm, does not violate the Equal Protection or Due

Process Clauses. *Handley v. Chapman*, 587 F.3d 273, 280-81 (5th Cir. 2009). Thus, this claim is not properly brought in a habeas petition. *See Thomas v. Torres,* 717 F.2d 248, 249 (5th Cir. 1983)(habeas relief available only for federal constitutional violations). The denial of this claim is affirmed, but the judgment of the district court is modified to reflect that the denial of this claim is with prejudice. *See Marts v. Hines*, 117 F.3d 1504, 1505-06 (5th Cir.1997)(en banc). Lineberry also has filed this same claim as a civil rights violation in a separate proceeding in which the district court dismissed the claim with prejudice as frivolous; that proceeding is before this court under Case No. 09-40262 and will be addressed separately in the order on that appeal.

Lineberry has been barred from proceeding in civil actions in forma pauper pursuant to 28 U.S.C. § 1915(g). *See Lineberry v. Stover*, No. 09-40522 (5th Cir. Nov. 17, 2009). Lineberry is additionally warned that the further filing of any frivolous, repetitive, or otherwise abusive pleadings will result in the imposition of sanctions, including monetary penalties and restrictions on his ability to seek relief in this court or in a district court.

AFFIRMED AS MODIFIED; SANCTION WARNING ISSUED.