# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2011

No. 10-50707
Summary Calendar

Lyle W. Cayce
Clerk

BRIAN EDWARD FRANKLIN,

Plaintiff-Appellant

v.

SHARON KELLER, Presiding Judge, Texas Court of Criminal Appeals;
LAWRENCE E. MEYERS, Judge, Texas Court of Criminal Appeals; TOM
PRICE, Judge, Texas Court of Criminal Appeals; PAUL WOMACK, Judge,
Texas Court of Criminal Appeals; MIKE KEASLER, Judge, Texas Court of
Criminal Appeals; BARBARA P. HERVEY, Judge, Texas Court of Criminal
Appeals; CHARLES R. HOLCOMB, Judge, Texas Court of Criminals Appeals;
CATHY COCHRAN, Judge, Texas Court of Criminal Appeals; CHERYL
JOHNSON, Judge, Texas Court of Criminal Appeals,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-560

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Brian Edward Franklin, Texas prisoner # 703704, appeals the district

court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint against

___

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

nine members of the Texas Court of Criminal Appeals seeking declaratory and injunctive relief. He argues that in ruling on his postconviction application, the judges should have considered newly presented evidence of his innocence. A complaint dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) is reviewed for an abuse of discretion. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

Franklin asserts that the district court erred in construing his complaint as a habeas petition because he is not seeking to invalidate his conviction, but is requesting prospective relief to change the evidence procedures used by the appellate court. The majority of Franklin's claims were properly raised in a § 1983 complaint because he is seeking to have the evidence procedures changed by the court prior to his making another attempt to challenge his conviction. *See Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005). Some of his allegations did directly challenge the outcome of his postconviction proceeding and would have been properly raised in a habeas petition. However, whether his claims sounded in habeas or § 1983, Franklin is not entitled to relief because he has not shown a constitutional violation. *See Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir.1983).

Franklin contends that the Texas appellate judges deprived him of his state created liberty interest to present new evidence to prove his innocence by failing to consider newly presented evidence because such evidence was available for introduction at the time of his trial. However, the authorities cited by Franklin contradict his argument because they reflect that in making a postconviction claim of actual innocence, the petitioner must show that he is relying on newly discovered evidence that was previously unavailable to him even if he had acted with due diligence to obtain it. *See* Texas Code of Criminal Procedure Article 11.07, *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 2002), *superseded by statute,* Texas Code of Criminal Procedure Article 11.0711, § 5(a)(3), *as recognized in Ex parte Blue*, 230 S.W.3d 151, 162 n. 46 (Tex. Crim. App. 2007); *State ex rel. Holmes v. Honorable Court of Appeals for the Third District*, 885 S.W.2d 389 (Tex. Crim. App. 1994), *rejected in part by Elizondo*, 947

No. 10-50707

S.W.2d at 205. The restriction to reliance on such newly discovered evidence to prove innocence in a postconviction proceeding was approved by the Supreme Court in *District Attorney's Office for Third Judicial District v. Osborne*, 129 S. Ct. 2319, 2320-21 (2009).

Franklin has not shown that there is a state-created liberty interest in having the appellate court consider in postconviction proceedings evidence of innocence that was available for introduction at the time of trial. He has not shown that the appellate judges used procedures that resulted in a violation of his constitutional rights and, thus he has failed to allege a basis for relief under § 1983 or in a habeas proceeding. *Thomas,* 717 F.2d at 249.

Because Franklin's constitutional claims were dismissed as frivolous and he is not entitled to habeas or civil rights relief, the district court erred in dismissing the complaint without prejudice. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc). The dismissal of the complaint pursuant to § 1915(e) is AFFIRMED on alternate grounds, and the judgment is modified to be WITH PREJUDICE. *Id.* at 1505-06.

Franklin requested the appointment of counsel to present oral argument in this case. In light of the frivolous nature of the claim, oral argument is not granted. FED. R. APP. P. 34(a)(2)(A). The motion for appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED AS MODIFIED.