[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15791
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-03959-JHH-JHE


MARLON FRANCISCO VAZ,

Petitioner-Appellant,

versus

FELICIA SKINNER,
Field Office Director, U.S. Immigration and Customs Enforcement,
Atlanta Division,
WARDEN,
ERIC HOLDER,
JANET NAPOLITANO,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 23, 2015)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Marlon Vaz, a detained alien represented by counsel, appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner raises two arguments on appeal.  First, he argues that the district court erred in determining that his continued detention without release to seek medical treatment did not violate the Eighth Amendment.  Second, he argues that the district court erred by determining that his three-year detention while awaiting removal was not unreasonable.  After careful review, we affirm.

## I.  BACKGROUND

Petitioner, a native and citizen of Brazil, entered the United States without inspection at an unknown date, time, and place.  He was subsequently convicted of family violence battery, in violation of O.C.G.A. § 16-5-23.1, and theft by taking, in violation of O.C.G.A. § 16-8-2.  He received 12 months' imprisonment as to each conviction.

Pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1228, the Department of Homeland Security ("DHS") initiated expedited, administrative removal proceedings against Petitioner.  In February 2012, DHS served Petitioner with a Notice to Issue a Final Administrative Order of Removal, charging him with being an aggravated felon subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii).

2

Petitioner was taken into custody by DHS on March 5, 2012, and the latter issued a Final Administrative Order of Removal against Petitioner on March 19, 2012.

On May 8, 2012, DHS requested a travel document for Petitioner from the Consulate General of Brazil ("Consulate").  Since that time, DHS has contacted the Consulate on numerous occasions to ascertain the status of Petitioner's travel document.  DHS also requested that Petitioner provide any documentation that could expedite the removal process to Brazil, but Petitioner indicated that he will neither advise the Consulate that he wants to return to Brazil nor request that a travel document be issued for his removal.  On March 21, 2014, the Consulate informed DHS that a travel document could not be issued to Petitioner if he is unwilling to sign for the document.  Between December 2012 and January 2014, DHS conducted numerous Post Order Custody Reviews after which it decided to continue Petitioner's detention.

Petitioner filed the § 2241 petition underlying this appeal in November 2012, seeking release from custody on two grounds.  Specifically, Petitioner alleged that he had not received adequate medical treatment for pain in his right eye following the extraction of his wisdom teeth, in violation of his Eighth Amendment rights.  Although doctors had diagnosed him with Bell's Palsy, he disagreed with the diagnosis because he had not experienced any problems until

3

after the dental procedure.  Petitioner also contended that he had been detained in immigration custody for a longer period of time than permitted.

The magistrate judge issued a report and recommendation ("R&R"), recommending that the petition be dismissed.  Construing Petitioner's inadequate medical care claim as arising under the Fifth rather than the Eighth Amendment, the magistrate judge determined that Petitioner's claim was not properly raised in a § 2241 petition.  In any event, the magistrate judge stated that release from confinement was not an available form of relief for such a claim.  The magistrate judge further concluded that Petitioner could not show that his continued detention was unreasonable given that he failed to rebut the evidence submitted by the Government showing that he had refused to cooperate in the removal process.  Over Petitioner's objections, the district court adopted the R&R and dismissed the § 2241 petition without prejudice.

## II.  DISCUSSION

### A.    Standard of Review

We review a district court's denial of a § 2241 petition *de novo* and the district court's findings of fact for clear error.  *Bowers v. Keller*, 651 F.3d 1277, 1291 (11th Cir. 2011).  Although district courts do not have jurisdiction to review § 2241 petitions filed by an alien challenging a final order of removal, jurisdiction

exists over a § 2241 petition if the alien challenges the legality of his detention. *See Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366–68 (11th Cir. 2006).

### B.     Inadequate Medical Care Claim

Claims challenging the fact or duration of a sentence fall within the "core" of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law. *Nelson v. Campbell*, 541 U.S. 637, 644 (2004); *see also Farrow v. West*, 320 F.3d 1235, 1238 (11th Cir. 2003) (deliberate indifference claim raised in 42 U.S.C. § 1983 complaint); *Campbell v. Sikes*, 169 F.3d 1353, 1361 (11th Cir. 1999) (same).

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs. *McElligott v. Foley*, 182 F.3d 1248, 1254–57 (11th Cir. 1999). However, the protections of the Eighth Amendment do not attach until after a person has been convicted and sentenced. *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1572 (11th Cir. 1985); *see also Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989). Instead, a deliberate indifference claim raised by a pretrial detainee is governed by the Due Process Clause of the Fifth Amendment. *See Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994). Nevertheless, the standard for providing adequate medical care to pretrial detainees under the Due Process Clause is the same

5

standard required for convicted persons under the Eighth Amendment. *Hamm*, 774 F.2d at 1573–74.

We have held that release from custody is not an available remedy, even if a prisoner establishes an Eighth Amendment violation. *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990). Instead, "[t]he appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment." *Id.*

As an initial matter, the district court correctly identified Petitioner's inadequate medical care claim as arising under the Fifth Amendment rather than the Eighth Amendment because the Eighth Amendment does not attach until after a prisoner is convicted and sentenced. *See Hamm*, 774 F.2d at 1572; *Jordan*, 38 F.3d at 1564; *see also Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001) ("[T]he Due Process Clause [of the Fifth Amendment] protects an alien subject to a final order of deportation . . . .").

The district court also properly determined that Petitioner's claim did not entitle him to habeas relief. Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement. *See Nelson*, 541 U.S. at 644; *see also Farrow*, 320 F.3d at 1238; *Campbell*, 169 F.3d at

1361.  And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim.  *See Gomez*, 899 F.2d at 1126.  Accordingly, the district court did not err in determining that Petitioner was not entitled to relief on this claim.

### C.    Unreasonable Detention Claim

When an alien is ordered removed, the Attorney General generally has 90 days to remove the alien from the United States.  8 U.S.C. § 1231(a)(1)(A).  The 90-day period beings to run on the latest of the following: (1) the date the removal order becomes administratively final; (2) the date of a reviewing court's final order, if the removal order was reviewed by a higher court and a stay of removal was ordered; or (3) the date the alien is released from detention or confinement, if the alien was detained or confined for reasons unrelated to the immigration process.  *Id.* § 1231(a)(1)(B).  However, the 90-day removal period may be extended and the alien may remain in detention, "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  *Id.* § 1231(a)(1)(C).

In *Zadvydas v. Davis*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6)—which authorizes detention beyond the 90-day removal period if the

7

alien is, among other things, removable for violations of criminal law—permitted the Attorney General to indefinitely detain an alien. *Zadvydas*, 533 U.S. at 682; 8 U.S.C. § 1231(a)(6). In that case, the aliens were detained pending removal, but either every potential receiving country had refused to accept the alien, or there was no repatriation treaty with the potential receiving country. *Zadvydas*, 533 U.S. at 684, 686. The Court held that six months was a presumptively reasonable time to detain an alien awaiting removal. *Id.* at 701. After the expiration of the six-month period, if the alien puts forth "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must present evidence to rebut that showing. *Id.* The Court, however, emphasized that this did not mean that every detained alien must be released after six months, as DHS may continue to hold the alien in detention until it is determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

To state a claim under *Zadvydas*, we have held that an alien must show that: (1) he has been detained for more than six months following the final order of removal and (2) there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Here, the district court did not err in determining that Petitioner's three-year detention while awaiting removal was not unreasonable. The parties do not dispute that Petitioner has been in DHS custody awaiting removal since March 2012, or in other words, more than three years. However, Petitioner's own acts and failure to make timely application in good faith for travel documents has prevented his removal. *See* 8 U.S.C. § 1231(a)(1)(C). His refusal to voluntarily sign his travel document or inform Brazil that he is willing to return has extended his removal period beyond the 90 days following the issuance of his Final Administrative Order of Removal. *Id.*

Unlike the petitioners in *Zadvydas*, who could not be removed because all potential receiving countries either refused to accept the alien or there was no repatriation treaty, Brazil has not refused to accept Petitioner. *See Zadvydas*, 533 U.S. at 684, 686. In fact, the Consulate has indicated that it cannot issue Petitioner a travel document unless he voluntarily signs for it. It follows that the Consulate would issue Petitioner a travel document if he signed for it and expressed his willingness to return to Brazil. And, if Petitioner were issued a travel document, he would be released from detention and removed.

In sum, it is Petitioner who prevents his removal from the United States. Indeed, he even stated in his reply that he would follow the law and arrange for his departure from the United States if he were released from confinement to seek

9

medical treatment.  Because Petitioner is responsible for thwarting his removal, he cannot show that there is no reasonable likelihood that he will not be removed in the reasonably foreseeable future if he cooperates with DHS and voluntarily signs for the travel document.  *See Akindale*, 287 F.3d at 1052; *Zadvydas*, 533 U.S. at 701.  Accordingly, the district court did not err in determining that Petitioner's continued detention was not unreasonable.

## III.  CONCLUSION

For these reasons, the district court's dismissal of Petitioner's § 2241 petition is **AFFIRMED**.